BOARD OF ED., TOWN OF GOULD, v. SMITH, County Supt., et al.

No. 27904. March 8, 1938.

Rehearing Denied Dec. 6, 1938.

W. C. Austin, Robert B. Harbison, Robinson & Oden, and Harry C. Hicks, for plaintiff in error.

Ross Cox and Ryan Kerr, for defendants in error.

BAYLESS, V. C. J. The incorporated town of Gould, Harmon county, Okla., is within independent school district No. 6. Adjacent to this district is certain territory comprising union graded district No. 1, which formerly consisted of three common school districts. These common school districts had theretofore legally consolidated.

The record discloses that this appeal involves a union graded school district although the parties frequently refer to it as a consolidated district; therefore, we are treating it as a union graded district.

There are 188 qualified electors in this union graded district. September 14, 1935, a petition to annex the territory comprising this district to the independent district was presented to the county superintendent of schools of Harmon county. This petition was signed by 116 of such qualified electors, or

about 62 per cent. thereof. An order was duly made in compliance with this petition, and the issue before us involves the authority of said superintendent to make the order in view of the particular status of the attached district.

The parties agree that section 6860, O. S. 1931, is the section authorizing said superintendent to act. This section reads:

"Territory outside the limit of any city or town within an independent district may be added to or detached from such city or town for school purposes, upon petition. * * *"

It is admitted that the petition contained the requisite number of names of qualified electors residing in the union graded district.

The specific issue is well stated by the defendants in error in their brief as follows:

"Can a consolidated or union graded district be attached to another such district, or to an independent school district, without first dissolving, and that dissolution brought about by an election?"

The argument of the plaintiff in error is that the word "territory" appearing in the above statute is sufficiently broad to embrace a union graded district, and there is nothing appearing in said statute or any other statute requiring the dissolution of the union graded district into its component common school districts as a condition precedent to such annexation. The argument of the defendant in error is that such annexation is ipso facto et ipso jure (Ballantine's Law Dic. 685) a dissolution of the existing consolidated district, and that such is contrary to the design of our school law in that such union graded districts can be dissolved only by an affirmative vote of 70 per cent. of the voters of such district at a properly called election. Sections 6937, 6938, O. S. 1931.

Neither of the parties has been able to cite us decisions of this court or from the courts of other states. The bulk of the arguments consist of the implications arising from the views which each party takes of the annexation.

It is clear that upon the annexation the union graded district ceases its legal status as such union graded district for many purposes. To this extent strength is lent to the argument that annexation amounts to dissolution. But we do not look upon this as a permanent dissolution, but rather as a suspension during the annexation of the legal effects flowing from the consolidation alone.

To us the situation seems largely analogous to what happens to common school districts when they consolidate into consolidated or union graded districts. Their legal status as common school districts ceases or is suspended so long as the consolidation continues. But there is specific statutory authority for the assumption of their common school status upon dissolution of the consolidation. Section 6939, O. S. 1931 (relating to distribution of indebtedness), and section 6938, O. S. 1931 (authorizing the appointment of suitable officers for common school districts after dissolution of consolidation). It seems to us that if after such annexation the annexed territory should be detached, it would re-assume the legal status it occupied theretofore. The superintendent would not have authority to detach portions of the territory annexed so as to interfere with or destroy their prior legal status. It seems clear to us that changes in the boundaries of established districts can be made only as provided by section 6771, O. S. 1931, et seq. It would seem at first that an annexation of territory under section 6860, supra, would amount to a change in boundaries, and. therefore, be in conflict with section 6771, supra. We believe this confusion is dispelled when territory, as used in section 6860, supra, is confined to existing districts. In other words, upon petition an existing common school district or an existing union graded district may be annexed or detached under section 6860; but such annexation or detachment, which amounts in fact to a change in the legal boundaries of existing districts, would be illegal as being in irreconcilable conflict with other sections cited which require such changes to be made by suffrage of the district. In other words, the superintendent may annex, or detach, existing units.

No good reason has been stated to us why the order of the superintendent is invalid, nor why it results in prejudice or confusion in the conduct of the affairs of the districts affected. On the other hand, to adopt the argument of the defendants in error would be to require a dissolution prior to annexation. which might then result in some non-contiguous territory desiring annexation being permanently barred from annexation at the whim of an intervening district, or of a series of annexations to accomplish the result achieved by the order of the superintendent upon a petition of a majority of the qualified electors of the territory to be annexed. It requires a majority only to bring about annexation, whereas 70 per cent. must

approve dissolution, with its attendant distribution of assets and indebtedness. All in all, the argument of the defendants in error leads to a less workable scheme than that of the plaintiff in error. It requires circuity of action without any attendant benefits, or the prevention of prejudice.

Further, the Attorney General of the state of Oklahoma has consistently advised the State Superintendent of Public Instruction, and other lesser officials of the school system, that such annexations can be made. His opinions are based upon a study of the school laws, and being acted upon constitute an administrative and departmental interpretation entitled to respect.

Therefore, it is the opinion of this court that the county superintendent may, upon legal application, attach a union graded district to an independent district under the authority of section 6860, O. S. 1931.

The judgment of the district court of Harmon county, Okla., is therefore reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed. Reversed and remanded, with directions.

OSBORN, C. J., and WELCH, RILEY, HURST, and DAVISON, JJ., concur. PHELPS, CORN, and GIBSON, JJ., dissent.